AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| United States of America | |
| v. | |
| William Wei, | Case No.  5:26-mj-00218-DUTY |
| Defendant | |

**FILED**
CLERK, U.S. DISTRICT COURT

**4/11/2026**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DC _____ DEPUTY

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the following dates, in the following counties, in the Central District of California, the defendant violated:

| Code Section | Offense Description | County |
|---|---|---|
| 18 U.S.C. § 2252A(a)(5)(B) | Possession of Child Pornography on or about April 10, 2026 | San Bernardino County |
| 18 U.S.C. § 2251(a) | Production of Child Pornography on or about February 21, 2021 | Orange County |

This criminal complaint is based on these facts:

 *Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/
*Complainant's signature*

George Kwai, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date:    APRIL 11, 2026

*Judge's signature*

City and state:  RIVERSIDE, CALIFORNIA

Hon. Angela C.C. Viramontes, U.S. Magistrate Judge
*Printed name and title*

## <u>AFFIDAVIT</u>

I, George Kwai, being duly sworn, declare and state as follows:

### I.  <u>PURPOSE OF AFFIDAVIT</u>

1.    This affidavit is made in support of a criminal complaint against William Wei ("WEI") alleging there is probable cause to believe that WEI has violated 18 U.S.C. §§ 2252A(a)(5)(B) (Possession of Child Pornography) on about April 10, 2026 in San Bernardino County and 2251(a) (Production of Child Pornography) on or about February 21, 2021 in Orange County.

2.    The facts set forth in this affidavit are based on my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and does not purport to set forth all my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

### II. <u>BACKGROUND OF AFFIANT</u>

3.    I am a Special Agent ("SA") with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), and have been so employed since 2008. From July 2019 to June 2024, I was the lead child exploitation investigator for the HSI Regional Attache office at the United States Embassy in Singapore.  In July 2024, I transferred to the

Child Exploitation Investigations Group for the HSI Office of the Assistant Special Agent in Charge, Corona, California.  My daily duties as an SA include investigating criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252 and 2252A.

4.    Through my training and experience, I have become familiar with the methods of operation used by people who sexually exploit children.  I have attended training classes and seminars concerning computer crimes and the sexual exploitation of children on the Internet.  My training and experience in these investigations has given me an understanding of how people involved with offenses relating to the sexual exploitation of children use technology to further those offenses.

### III.  STATEMENT OF PROBABLE CAUSE

5.    Based on my review of law enforcement reports, my conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

**A.    Discovery of Child Pornography During Border Inspection**

6.    On April 10, 2026, WEI, a United States citizen, arrived at Ontario International Airport from Taiwan.  CBP Officers conducted a border inspection of WEI.  During the border inspection and examination of WEI, CBP officers conducted a manual inspection of his cellular phone, received the iPhone

2

passcode from WEI, and discovered what appeared to be child pornography.[1]  CBP then contacted HSI for further investigation.

7.    I was part of the HSI team that responded to the Ontario Airport to assist with the investigation.  Upon arrival at the Ontario Airport, the CBP officers provided WEI's phone, an iPhone, to the HSI team.[2]  HSI team members performed a manual inspection of WEI's cellular phone.  The inspection was not a forensic search and was limited in scope to a review for digital contraband.

8.    During the manual review, HSI investigators discovered two photos which appeared to be child pornography on WEI's cellular phone.  More specifically, during the review, I saw the following three images on WEI's phone in a folder titled "Hidden":

a.    Photo #1: This photo shows a minor female (hereafter "MV1") who appears to be approximately two years old asleep on a bed.  MV1 is wearing a navy-blue shirt and underwear with blue and white stripes.  MV1's face is visible and there is a dark gray fleece blanket next to MV1. (NOTE: MV1 is clothed in Photo #1 and it is not alleged that Photo #1 constitutes child pornography.)  An HSI Agent used a camera to capture a duplicate image of Photo #1.

---

[1] It is my understanding and belief that manual inspection of digital devices during border crossings, even inspections that are not supported by reasonable suspicion, are reasonable under the Fourth Amendment.

[2] Based on work in other investigation, I know that iPhones are not manufactured in the United States.

b.    Photo #2: This photo shows a hand pulling MV1's underwear aside and exposing MV1's vagina. Although MV1's face is not visible in Photo #2, I believe Photo #2 depicts MV1 because the blue and white striped underwear and dark gray fleece blanket from Photo #1 are visible in Photo #2.  An HSI Agent used a camera to capture a duplicate image of Photo #2.

c.    Photo #3: This photo shows a close-up of MV1's vagina.  Although MV1's face is not visible in Photo #3, I believe Photo #3 depicts MV1 because the blue and white striped underwear and dark gray fleece blanket from Photo #1 are visible in Photo #3.  An HSI Agent used a camera to capture a duplicate image of Photo #3.

**B.    Statements Made by WEI Indicate He Produced Photos #2 and #3**

9.    On April 10, 2026, I participated in a Mirandized, audio-recorded interview of WEI.  During the interview of WEI, I learned the following:

a.    When investigators asked if WEI had seen child pornography on any of the devices he owned, WEI said that he might have visited some sites.  WEI stated he did not remember which sites he visited and it has been decades since he last viewed child pornography.

b.    WEI previously dated an adult female sometime in 2021 or 2022 for a few months.[3]  The adult female lived in Orange

---

[3] I believe I have identified this individual, but the complete name is not provided in this publicly-filed affidavit to protect her identity and the identity of the minor victim.

4

County, California and had a daughter who was approximately two years old.[4]

    c.    During the interview, WEI was asked if WEI remembered taking a photo of the child's vagina.  WEI responded that he took "maybe one" photo.  When WEI was asked why he took the photo, WEI said it was out of curiosity and stated that it was a dumb thing to do.

    d.    WEI stated he never transmitted or broadcasted the photo he took of the child's vagina to anyone else.  WEI stated the mother was never aware that WEI had taken the photo of the child's vagina.

    e.    When investigators asked if WEI possibly took two photos of the child's vagina, WEI said he might have.

    f.    WEI was shown Photos #2 and #3 during the interview.  WEI acknowledged that Photos #2 and #3 were photos that WEI took of the child's vagina while the child was asleep.  According to WEI, the photos were taken in the mother's residence in Orange County, California, without the mother's knowledge.

C.    Comparison of Dermatological Marks

    10.  I examined the hand seen in Photo #2 and noticed a dermatological mark on the back of the hand approximately between the thumb and the wrist.  The hand in Photo #2 appeared to be someone's left hand.  I looked at WEI's left hand and saw

---

    [4] WeI identified the mother, but said he could not completely remember the name of the two-year-old child, though he did provide a partial spelling of the child's name.

a dermatological mark which appeared to resemble the dermatological mark in Photo #2.

**D.      Image Information of Photo #2 and Photo #3**

11.  While inspecting Photo #1, Photo #2, and Photo #3, I reviewed photo information on the iPhone.  The iPhone information showed all three images were dated February 21, 2021.

///

///

## IV. <u>CONCLUSION</u>

12. Based on the above facts, there is probable cause to believe that WEI has committed violated 18 U.S.C. §§ 2252A(a)(5)(B) (Possession of Child Pornography) on about April 10, 2026 in San Bernardino County and 2251(a) (Production of Child Pornography) on or about February 21, 2021 in Orange County.

/s/
_____
George Kwai, Special Agent
Homeland Security
Investigations

The Magistrate Judge has viewed
the duplicate images of "Photo #2"
and "Photo #3" described in
paragraph 9, above, that the
affiant alleges are lascivious
and, thereafter, placed a CD
containing the images inside a
sealed envelope and initialed
across the seal.  The affiant has
taken custody of the envelope and
will maintain custody until all
appeals have been exhausted.

_____
HON. ANGELA C.C. VIRAMONTES
UNITED STATES MAGISTRATE JUDGE

Subscribed to and sworn before me
this  11th  day of April, 2026 at
approximately  7:03 p.m._____.

_____
HON. ANGELA C.C. VIRAMONTES
UNITED STATES MAGISTRATE JUDGE

7